**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOURDES P. LLARENA, IRS CHICAGO,**

        **Plaintiffs,**

-vs-                                                   **Case No. 6:10-cv-1119-Orl-18DAB**

**ROSA LIA VIUDA, DR. LOUIS CABRERA**
**PEREZ, CARMELA GARCIA-VIUDA,**
**LLEANA DE LA TORRIENTA KOMPER**
**INSURANCE CO.,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      **July 27, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

     In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2).     Plaintiff filed her handwritten "Complaint"[2] (Doc. No. 1) apparently suing a number of Defendants, possibly including "the Honorable Judge Ryskamp," of the Southern District of Florida, however, Plaintiff's allegations are incomprehensible. Doc. No. 1. She lists the terms: "personal property, body injuries, and product liability" at the beginning of the document but then lists widely divergent bits of information about a "fraud of social security checks" that a "Cuban American Prostitute" appears to be receiving; that Plaintiff left Cuba in 1960 and never returned; former Senator Bob Graham's action in mentioning Plaintiff's name in the state of Florida and as author of a copyright. She also asserts some indecipherable conduct against the IRS as well as United States Senators, which she calls "fraud of constitutional rights." Doc. 1. Much of the "Complaint" is written in cursive vertically in the side margins and directly on top of the horizontal handwriting so it is difficult to decipher.

Plaintiff has filed four other cases in the Middle District of Florida, all of which have been dismissed before service. *Llarena v. Greyhound Lines, Inc.*, Case No. 3:98-cv-307-RWN; *Llarena v. Tele-Check Co., Inc.*, 3:04-cv-312-HES; *Llarena v. Greyhound Lines, Inc.*, Case No. 3:04-cv-1125-HES-MCR; *Llarena v. Cathedral Townhouse*, Case No. 3:07-cv-296-JHM-HTS. Plaintiff has also been a "familiar litigant" in the Northern District of Florida, having filed at least 15 cases there. *See Llarena v. Seay*, Case No. 4:06-cv-172-MP-AK, 2006 Wl 3780695 (N.D. Fla. Dec. 21, 2006). She has filed approximately 70 cases in the Southern District of Florida, which have been dismissed as frivolous as well. *See, e.g.,Llarena v. Prostitutes of F.B.I.,* Case No. 1:01-cv-4698-KMM; *Llarena v. Schlesinger*, Case No. 1:05-cv-21829-FAM (Plaintiff named various court officials and other public figures, describing them with inappropriate language).

---

[2]Plaintiff's Complaint is blank other than listing the Plaintiffs and Defendants, however, she submitted a self-styled document which is docketed as an exhibit.

Plaintiff is also a frequent litigator and appellant in federal courts across the nation. *See, e.g., Llarena v. State of Florida*, Case No. 4:04-cv-3-RH/WCS, 2004 WL 5139063 (Jan. 20, 2004) (collecting cases as of 2004). She has previously been barred from filing lawsuits without payment of the filing fees as a result of her litigation efforts. *See, e.g.*, *Llarena v. Sentry Ins. Co.*, Case No. 301-cv-1186-D, 2001 WL 1029506 (N.D. Tex. Aug. 21, 2001). Plaintiff has filed suit against other prominent United States Senators and six federal judges before; these claims have been dismissed as unintelligible. *See, e.g., Llarena v. United States*, Case No. 05-9857C, 2005 WL 6115377 (Fed. Cl. Dec. 12, 2005) (dismissing claims as unintelligible).

Plaintiff's claims in this case are no more intelligible than her claims in the numerous other cases cited. As Judge Paul explained in *Llarena v. Seay*:

> The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989)[3] recognized two types of cases which may be dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. *Sultenfuss v. Snow*, 894 F.2d 1277 (11th Cir.1990) (citing *Neitzke*). This case is wholly indecipherable and appears to fit both such categories such that *sua sponte* dismissal is appropriate.

*Llarena v. Seay*, 2006 WL 3780695 at *1.

It is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* be **DENIED** and Plaintiff's claims be dismissed as wholly indecipherable, lacking in any basis in law, and asserting scenarios "clearly removed from reality." *See Neitzke v. Williams*, 490 U.S. 319 (1989*).*

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke*, was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id*. at 1348-49.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy